***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing party has not shown good grounds to rehear the parties or their representatives. Following its review, the Full Commission affirms the Opinion and Award of the Deputy Commissioner, with minor modifications.
 *********** EVIDENTIARY RULINGS
Plaintiff filed a Motion to Submit Additional Evidence which was held in abeyance by Chair Pamela T. Young in an Order dated December 9, 2008. Plaintiff has since submitted medical records on February 3, 2009, with his Form 44, on February 13, 2009, and on April 6, 2009. Defendants have not objected to the medical records submitted. The medical records submitted are accepted by the Full Commission and included in the file reviewed on appeal. *Page 2 
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff alleges that he was injured while working as a crew leader at one of Defendant-Employer's restaurants in Charlotte on or about November 1, 1989.
2. Plaintiff alleges that he was taking out the trash and that, as he tried to open the door of a dumpster, a spring on the door popped and struck him in the face and chest. Plaintiff contends that he was knocked out and sustained serious facial injuries that eventually resulted in his having to have a plate implanted in his face. Plaintiff also contends that he temporarily lost his eyesight because of the alleged accident.
3. Plaintiff was hospitalized at Dorothea Dix Hospital in Raleigh from some time in 1989 until 1996, during which time Plaintiff alleges to have had amnesia. However, during his testimony, Plaintiff appeared to recall, in some detail, events that had occurred in the early 1990s.
4. The Full Commission reviewed the medical records that were produced and found no mention of the alleged November 1989 work accident.
5. A work accident was referenced only in medical records from May of 1986. The records indicate that on May 22, 1986, plaintiff presented for treatment at Pro Med in Salisbury, North Carolina. He reported that he was trying to remove some shelves when they fell on him, striking his face and left leg. Examination revealed superficial abrasions to the face and a contusion to the ankle. Plaintiff returned for follow-up treatment and added that his ribcage was bothering him. He was removed from work for 48 hours. The date and description of this work *Page 3 
incident do not correspond to the present claim. In addition, there is no identification of the employer for whom Plaintiff was working at the time.
6. Plaintiff's medical records reveal that Plaintiff may have been assaulted and battered numerous times, including with baseball bats and gun shots. He has presented to local emergency rooms many times for treatment of injuries apparently sustained in these various violent episodes. On May 23, 2005, he reported to emergency room personnel that he had had chronic headaches and blurred vision since sustaining a gunshot wound with buckshot to the head in 1989. He also mentioned a gun shot wound to the head in March 2005. Plaintiff was noted to be an inconsistent historian.
7. Plaintiff has been diagnosed with paranoid schizophrenia. He has been involuntarily committed on many occasions in psychotic and delirious states, and he has been on Haldol injections.
8. Plaintiff did not report his alleged November 1989 injury to Defendant-Employer until he filed a Form 18 on September 11, 2007. Whether Plaintiff had a reasonable excuse or not for the delay in reporting, the evidence establishes that the delay has prejudiced Defendants in their ability to investigate the claim and direct effective medical treatment.
9. Plaintiff filed his claim well outside the two-year limitations period provided in N.C. Gen. Stat. § 97-24. Even if the limitations period were arguably tolled by periods of Plaintiff's incapacity in the intervening years, the evidence establishes that well over two years of untolled time passed between the alleged accident and Plaintiff's filing of his Form 18.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 4 
1. Plaintiff failed to establish that he sustained an injury by accident on or about November 1, 1989, while working with Defendant-Employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's claim is also barred under the provisions of N.C. Gen. Stat. §§ 97-22 and 97-24.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim must, under the law, be and hereby is DENIED.
2. Defendants shall pay the costs.
This the ___ day of May 2009.
S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1